

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-20-2009

# In Re: Gheorghe Croitoru

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1675

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"In Re: Gheorghe Croitoru " (2009). *2009 Decisions.* Paper 1516.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1516

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-140                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-1675

_____

IN RE: GHEORGHE CROITORU,

Petitioner

_____

On a Petition for Writ of Mandamus

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 19, 2009

Before: BARRY, AMBRO and SMITH, <u>Circuit Judges</u>

(Opinion filed April 20, 2009)

_____

OPINION

_____

PER CURIAM

Petitioner Gheorghe Croitoru has filed an original petition for a writ of mandamus

with this Court requesting that we order the United States Citizenship Immigration

Service to furnish him with his complete Alien File, and the complete Alien Files of his

parents. Because we lack jurisdiction to grant that relief, we will deny the petition.

Under the All Writs Act, Congress has conferred jurisdiction on this Court to issue

writs of mandamus only "in aid of" our jurisdiction. 28 U.S.C. § 1651(a). It is thus well-

settled that we may issue a writ of mandamus only if there is an independent basis for subject matter jurisdiction. See United States v. Christian, 660 F.2d 892, 894 (3d Cir. 1981) (explaining that, "[b]efore entertaining" a petition for a writ of mandamus, "we must identify a jurisdiction that the issuance of the writ might assist").

There is no such basis here. Croitoru does not allege any action or omission by a United States District Court within this Circuit over which we might exercise our supervisory authority by way of mandamus. Cf. id. at 895 ("'The focal question posed for a Court of Appeals by a petition for the issuance of a writ is whether the action of the District Court tends to frustrate or impede the ultimate exercise by the Court of Appeals of its appellate jurisdiction granted in some other provision of the law.'") (citation omitted) (emphasis added).

Croitoru *does* allege an action or omission by a federal officer, employee, or agency that a United States *District* Court might have mandamus jurisdiction to address in the first instance. See 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.") (emphasis added). We decline to transfer the matter to a district court, however, because, assuming that Croitoru could show a "clear and indisputable" right to the relief he seeks, he would also be required to show that he has no alternative means to obtain that relief. See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006). It does not appear that Croitoru has

2

attempted to obtain the information he seeks pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552.  Croitoru may not use the extraordinary remedy of mandamus if an adequate alternative remedy, i.e., a FOIA request, is available.

Accordingly, because we lack jurisdiction to grant the relief that Croitoru requests, we will deny his petition.